UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LARRY JOE COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:15-cv-0015-WTL-WGH |
| | ) | |
| WARDEN, Federal Correctional Complex, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Accordingly, a habeas petition "should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law." *O'Connor v. United States,* 133 F.3d 548, 551 (7th Cir. 1998).

Larry Joe Collins is confined in this District and seeks a writ of habeas corpus with respect to his conviction entered in the United States District Court for the Eastern District of Tennessee.

Whereupon the court, having considered the petition for a writ of habeas corpus and being duly advised, now finds that the relief sought by the petitioner must be denied and that the action must be dismissed. This conclusion rests on the following facts and circumstances:

1. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*,

138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). A petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

2. A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611.

3. In 2002, a jury convicted Collins of three counts of possessing an unregistered or illegal firearm, three counts of being a felon in possession of a firearm, one count of obstructing commerce by robbery, and one count of possessing an illegal firearm in furtherance of a crime of violence. The convictions were affirmed, but the sentence was vacated as the case remanded in light of *United States v. Booker,* 543 U.S. 220 (2005). *United States v. Collins*, 129 F. App'x 213, 221 (6th Cir. 2005). After re-sentencing to the same 400 month period of imprisonment, Collins filed a 28 U.S.C. § 2255 motion to vacate his sentence. The trial court denied the § 2255 motion in a comprehensive decision. *United States v. Collins,* No. 1:01-cr-00012-CLC-WBC (E.D.Tenn. February 11, 2013).

4. Collins now seeks habeas relief pursuant to § 2241 based on his contentions that there were errors at trial and at sentencing and that he was denied the effective assistance of counsel.

5. A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e). It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

6. Following Collins' direct appeal, he filed a motion for relief pursuant to 28 U.S.C. § 2255. That motion was denied as noted above. That motion provided Collins with all the opportunity the law contemplates. His motion was denied. He is not entitled to use § 2241 for another bite at the post-conviction apple. *Garza v. Lappin,* 253 F.3d 918, 922 (7th Cir. 2001)("The mere fact that Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing."); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998). As one district judge has explained:

> The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.

*Irwin v. Fisher*, 2009 WL 1954451, *3 (D. Minn. July 6, 2009). *See also Buford v. Superintendent,* 2008 WL 2783257 (S.D.Ind. July 16, 2008).

7. Collins' petition for a writ of habeas corpus is **denied**. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 2/17/15

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

LARRY JOE COLLINS
00094-128
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808